IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

UNITED STATES OF AMERICA,

                Plaintiff,                        ORDER

  v.

                                                        11-cr-25-wmc

MAURICE MAXWELL,

                Defendant.
_____

On October 12, 2011, defendant Maurice Maxwell sent the court a handwritten letter revisiting the problems he has reported regarding his three successive appointed attorneys in this case. *See* dkt. 41. At the end, Maxwell implies that he has decided to drop Attorney Robert Ruth and represent himself pro se at trial (the consequence the court announced upon appointing a third attorney for Maxwell), but then he closes by asking "if you can call me and my attorney over to the courthouse to get a final decision on my representation, your honor, it would really be appreciated because I will be asking the court for time to prepare and subpoena all witnesses that [are] relevant to this case." *Id.* at 5. From this it is not clear whether Maxwell intends to represent himself or just wants to talk to the court about the matter before he makes his final decision. If Maxwell just wants to talk, there's no point in holding a hearing: we talked about these matters ex parte on May 13, 2011, July 21, 2011, and September 15, 2011. The court has nothing else to tell Maxwell beyond what it already has said.

If Maxwell want to drop his third attorney, then we will hold a hearing for Maxwell to confirm his intent. Then I will excuse Attorney Ruth from this case and Maxwell will continue to trial pro se. Maxwell should be aware that the December 5, 2011 trial date is not moving, even if he decided to go pro se. Maxwell was arraigned in this case on March 24, 2011 and since then he has obtained a series of continuances as a result of his inability to work with his

appointed attorneys. He is not entitled to yet another continuance based on his decision, seven months into this simple case, that he would rather try it himself. It is still six weeks until trial; if Maxwell actually intends to continue pro se, this is enough time to prepare this case for trial.

To sum up, to the extent that Maxwell is simply asking for a hearing to talk about his concerns, that request is denied. If, instead, Maxwell actually wants the court to remove attorney Ruth from this case, then Maxwell should send a short letter to the court saying so. The court then will hold a hearing to accomplish this.

Entered this 24th day of October, 2011.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge